[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the assessment of damages caused by the defendants' taking of property on May 8, 1991 owned by the plaintiffs in Milford for changes in a public highway, known as Wheelers Farm Road. The damages were assessed at $11,000.
The plaintiffs' property consists of a lot approximately 37,026 square feet in area bounded easterly approximately 140 feet on Wheelers Farm Road. On the lot are a one and one half story frame house with a garage and a barn. The property has been improved by plantings and several large trees, by construction of a stone fence and other amenities.
The property taken is a rectangle bounded: easterly by Wheelers Farm Road, 140 feet more or less; southerly by land of Boy's Village 30 feet more or less; westerly by the plaintiffs' remaining land, 145 feet, more or less; northerly by land of the State of Connecticut, 31 feet, more or less. This parcel contains 0.098 of an acre, more or less; with all appurtenances. In the westerly part of this parcel, the State took the right to grade an area 0.011 of an acre, more or less.
The appraiser for the plaintiffs had died before the case was heard. However, his report was offered in evidence as Plaintiff's Exhibit A. By the before and after taking method he computed the fair market value of the land taken to be $10,000. The appraiser for the State using the same method computed the fair market value of the land to be taken to be $9,000. (Defendant's Exhibit 3).
Both appraisers had found the fair market value of the plaintiffs' land to be $100,000. This value included the land, the house, the garage, the barn and the other improvements to the property. The court accepts that value. The appraiser for the plaintiffs apparently made his computations as of the date of taking. The appraiser for the state made his computations as of December 6, 1990, 5 months before the taking. This was in Defendants' Exhibit 3. He then prepared a Letter Update and computed the fair market value of the land taken to be $9,000. Defendant's Exhibit 4, dated January 27, 1992.
The court viewed the property on Sunday, September 6, 1992 and CT Page 8588 again on Monday September 7, 1992.
The appraiser for the plaintiffs then depreciated the value of the plaintiff's house by $20,000, and the site improvements by $5000. He stated that the effects of the taking included, a loss of aesthetics at the front of the property, noise, sound and dust from Wheelers Farm Road, the house is 33 feet closer to Wheelers Farm Road, the new exit southbound off the Wilbur Cross Parkway is being moved closer to the house by 90 feet, the wooded area between the plaintiffs' property and the northbound lanes of the Wilbur Cross Parkway has been cut down, all privacy on the porch of the plaintiffs' house has been eliminated and there will be noise, sound, dust, fumes and odors from the ramp. These facts caused him to make the depreciation stated.
The appraiser for the state did not compute any such depreciation.
The courts examination of the property and the surrounding areas did not confirm the conclusion of the plaintiffs' appraiser. Wheelers Farm Road apparently originally was a country road. Now it is a heavily travelled road. There are traffic lights just north of the plaintiffs' property to control movement in the intersection of Wheelers Farm Road and Wolf Harbor Road, running easterly from Wheelers Farm Road. Just north of the underpass under the Wilbur Cross Parkway is the entrance to a large area in which is located a large office building of Dorr-Oliver Incorporated. Just south of the plaintiffs' property is Boy's Village Youth and Family Services, Inc. Just south of that property is a large area on which is located two large office buildings, one for the International Business Machines Corporation and one for the Equitable Life Assurance Society of the United States.
The court finds that taking of thirty feet from the front of the plaintiff's property and thereby putting the house that distance closer to the parcel part of Wheelers Farm Road (when the highway construction is eventually completed) would affect the plaintiffs' property only infinitesimally considering all the circumstances stated above and that the plaintiffs' remaining property has not been depreciated thereby.
However that does not end the matter. Across the front of the plaintiffs' property was a stone wall. Defendants Exhibit 1 shows the stone wall as being 140 feet more or less. It runs from the northerly edge of the gravel drive into the plaintiffs' property 13 feet more or less along the then existing street line and then for perhaps 100 feet just east of the existing street line and then for another short distance onto property of the State of Connecticut. This wall could have been only a few feet east of the existing street line in front of the plaintiffs' property at its most CT Page 8589 extreme distance. The pictures of the wall in Defendant's Exhibit 3 shows the wall to be constructed of loose field stones perhaps 3 feet wide, and 2 feet high, and kept in a tidy condition. The defendant removed the wall in its entirety, even that part on the plaintiffs' property. While, in fact part of the wall was off the plaintiffs' property, one could know that only if a surveyor staked out the property. The wall belonged to the plaintiffs even though it was off their property for a short distance.
The court feels that the wall was of substantial value to the plaintiffs and contributed $5000 to the value of their property taken by the defendant.
Defendants Exhibit 1 shows that there were four fir trees 18 inches in diameter on the plaintiffs' land taken by the defendant. These have been cut down and removed. The court finds that these four large trees contributed $2000 to the value of the plaintiffs' property taken by the defendant.
The court finds that the plaintiffs' property before the taking had a fair market value as follows:
 Land $100,000 House 70,000 Garage 10,000 Barn 5,000 -------- $185,000
The court finds that the plaintiffs' property after the taking had a fair market value as follows:
 Land $83,000 House 70,000 Garage 10,000 Barn 5,000 -------- $168,000
The damages the plaintiffs have sustained by the taking are $17,000. On June 13, 1991 an application to the court for payment of a deposit made by the defendant was filed and on April 6, 1992 the sum of $11,000 was paid to the plaintiffs.
Judgment may enter for the plaintiffs to recover of the defendant $6,000 plus interest on that amount from April 6, 1992.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 8590